**Electronically Filed
Supreme Court
SCWC-15-0000478
07-JUL-2021
01:42 PM
Dkt. 42 ODMR**

SCWC-15-0000478

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

———

PROTECT AND PRESERVE KAHOMA AHUPUAʻA ASSOCIATION,
an unincorporated association,
MICHELE LINCOLN, MARK ALLEN, LINDA ALLEN,
and CONSTANCE B. SUTHERLAND,
Respondents/Plaintiffs-Appellants,

vs.

MAUI PLANNING COMMISSION, COUNTY OF MAUI, and
STANFORD CARR DEVELOPMENT, LLC,
a domestic limited liability company,
Petitioners/Defendants-Appellees/Appellees.

———

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-15-0000478; CIVIL NO. 14-1-0616(1))

ORDER
(By: Recktenwald, C.J., Nakayama, McKenna, Wilson, and Eddins, JJ.)

On June 28, 2021, Petitioner/Defendant-Appellee/Appellee Stanford Carr Development, LLC ("Carr") filed a motion for reconsideration challenging Section IV.C of our June 16, 2021 opinion.

Carr argues this court misapprehended the record by holding the Maui Planning Commission ("Commission") did not make requisite findings regarding whether Carr's affordable housing

project ("the Project") was consistent with the West Maui Community Plan before approving a special management area ("SMA") use permit.  We note, however, that Carr's application for certiorari asked: "Whether the ICA gravely erred in holding that the Commission was required to make specific findings on the Project's consistency with the Maui County General and Community Plans."  Carr also represented that "the record is clear that the Commission did consider the West Maui Community Plan, even if it did not make a specific finding with respect to the Project's *consistency* with the West Maui Community Plan."  (Emphasis added.)  Carr argued in its certiorari application that although the Commission had not found the Project consistent with the West Maui Community Plan, it was not required to do so.  Carr now argues the Commission did make a consistency finding by adopting the Maui Planning Department's report and recommendation.

Hawai‘i Rules of Appellate Procedure ("HRAP") Rule 40(b) (2000) requires a motion to reconsider an opinion state with particularity the points of law or fact the court has misapprehended.  This court did not misunderstand Carr's representations regarding the lack of a consistency finding. In addition, a motion for reconsideration is not a vehicle for arguments that could have been presented earlier.  See Citizens for Equitable & Responsible Gov't v. County of Hawai‘i, 108 Hawai‘i 318, 335, 120 P.3d 217, 234 (2005), amended on reconsideration in part (Sept. 22, 2005), citing Amfac, Inc. v. Waikiki Beachcomber Inv. Co., 74 Haw. 85, 114, 839 P.2d 10, 27 (1992) ("The purpose of a motion for reconsideration is to allow the parties to present new evidence and/or arguments that could not have been presented during the earlier adjudicated motion."); Briggs v. Hotel Corp. of the Pacific, Inc., 73 Haw.

2

276, 287 n.7, 831 P.2d 1335, 1342 n.7 (1992) ("We again remind litigants that a motion for reconsideration is not the time to relitigate old matters.").[1]

Regarding Carr's other arguments, this court did not overlook or misapprehend other points of law or fact. HRAP Rule 40(b). Therefore,

IT IS HEREBY ORDERED that the motion is denied.

DATED: Honolulu, Hawaiʻi, July 7, 2021.

/s/ Mark E. Recktenwald

/s/ Paula A. Nakayama

/s/ Sabrina S. McKenna

/s/ Michael D. Wilson

/s/ Todd W. Eddins



---

[1]    Our opinion should not be read to preclude Carr from raising, and the Commission from considering, on remand, the arguments raised in the motion for reconsideration that strict compliance with the community plan is unnecessary to make a consistency finding in light of the Council's exemption from Maui County Code Chapter 2.80B.

3